Christian G. Vergonis (*pro hac vice* pending)
Ryan J. Watson (*pro hac vice* pending)
Alex Potapov (*pro hac vice* pending)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Telephone: +1.202.879.3939
cvergonis@jonesday.com
rwatson@jonesday.com
apotapov@jonesday.com

Edward Patrick Swan Jr., Bar No. 89429
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: +1.858.314.1200
pswan@jonesday.com

Attorneys for Amicus Curiae
R.J. Reynolds Tobacco Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| AFRICAN AMERICAN TOBACCO CONTROL LEADERSHIP COUNCIL, ACTION ON SMOKING AND HEALTH, NATIONAL MEDICAL ASSOCIATION, and AMERICAN MEDICAL ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services; U.S. FOOD AND DRUG ADMINISTRATION; ROBERT CALIFF, in his official capacity as Commissioner of the U.S. Food and Drug Administration; CENTER FOR TOBACCO PRODUCTS; and BRIAN KING in his official capacity as the Center for Tobacco Products, Director,<br><br>Defendants. | Case No. 4:24-cv-1992-HSG<br><br>**MOTION OF R.J. REYNOLDS TOBACCO COMPANY FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Date:    September 12, 2024<br>Time:    2:00 p.m.<br>Judge:   The Hon. Haywood S. Gilliam, Jr.<br>Place:   Oakland, Courtroom 2, 4th Floor |

R.J. Reynolds Tobacco Company ("Reynolds") hereby requests permission to file the attached brief of amicus curiae. This brief supports defendants' motion to dismiss the complaint in this action, calendared for a hearing before this Court on September 12, 2024 at 2:00 PM. Reynolds believes it can assist the Court in resolving the question raised by plaintiffs' complaint: whether this Court can and should compel defendants to issue the proposed menthol ban.

## LEGAL STANDARD

The question of allowing amicus participation is within the district court's "broad discretion," and "generally courts have 'exercised great liberality' in permitting amicus briefs." *California v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citations omitted). "There are no strict prerequisites that must be established prior to qualifying for amicus status," and a potential amicus "must merely make a showing that his participation is useful or otherwise desirable to the court." *Id.* Moreover, an amicus brief should "normally be allowed" when the amicus has an interest "that may be affected by the decision in the present case." *Washington v. FDA*, 668 F. Supp. 3d 1125, 1144 (E.D. Wash. 2023) (citation omitted); *see also In re Heath*, 331 B.R. 424, 430 (B.A.P. 9th Cir. 2005) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)) (similar); *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) ("District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved ….").

### I.   PROPOSED AMICUS HAS AN INTEREST IN THIS CASE

In this suit, plaintiffs seek a court order forcing FDA to issue its proposed ban on menthol cigarettes. FAC ¶ 14; *see Tobacco Product Standard for Menthol in Cigarettes*, 87 Fed. Reg. 26,454 (May 4, 2022). Reynolds has a direct interest in this issue because it is the second largest domestic cigarette manufacturer, and its Newport brand is the top-selling menthol cigarette brand in the United States. Reynolds opposes the proposed menthol rule and instead supports the framework of tobacco harm reduction ("THR"), a policy embraced by many in public health. THR counsels that the best way to further reduce the health consequences of cigarette smoking is to provide adult smokers with accurate science-based information about alternative tobacco product

1  choices that may present less risk, and to encourage smokers to consider switching to those
2  alternatives if they do not want to quit outright.

3  During the comment period, Reynolds submitted a detailed comment explaining its
4  concerns about the proposed rule.  *See* Comment from RAI Services Company, Dkt. No. FDA-
5  2021-N-1349-175111 (Aug. 1, 2022), https://tinyurl.com/r4uxzn9x.  And it has met with OIRA
6  both at the proposed rule stage and the final rule stage.  *See* OIRA, *View EO 12866 Meeting 0910-*
7  *AI60*, https://tinyurl.com/mrywh6us; OIRA, *View EO 12866 Meeting 0910-AI60*,
8  https://tinyurl.com/bdff42kp.

## II.  PARTICIPATION BY AMICUS WILL BE USEFUL TO THE COURT

10  Reynolds's participation would be useful to this Court because Reynolds fulfills the "classic
11  role" of amicus curiae.  *Miller-Wohl Co. v. Comm'r of Labor & Indus. State of Mont.*, 694 F.2d
12  203, 204 (9th Cir. 1982).  First, this case is undoubtedly one of "general public interest."  *Id.*
13  Indeed, as Secretary Becerra said, the proposed menthol ban "has garnered historic attention."
14  Secretary Xavier Becerra, *Secretary Becerra Statement on the Proposed Menthol Cigarette Rule*
15  (Apr. 26, 2024), https://tinyurl.com/3dpfn8bu ("Becerra Statement").  Second, Reynolds is well-
16  positioned to supplement the efforts of defendants' counsel because, as a cigarette manufacturer
17  that has participated in the rulemaking process for the menthol rule, it is familiar with the relevant
18  issues.  Finally, Reynolds can draw the Court's attention to points that would otherwise escape
19  consideration because Reynolds's perspective on the menthol rule differs from that of defendants.
20  In particular, while defendants are still considering whether issuing the rule is advisable, *see*
21  Becerra Statement, *supra*, Reynolds has taken the position that the menthol ban should not be
22  issued.  At any rate, Reynolds's proposed amicus brief addresses a number of issues that the
23  government's brief either does not address or addresses in less detail.

## CONCLUSION

25  For reasons set forth above, Reynolds respectfully requests leave to file its proposed amicus
26  curiae brief in support of defendants' motion to dismiss.

Dated: July 9, 2024

JONES DAY

By: */s/ Edward Patrick Swan, Jr.*
Edward Patrick Swan Jr., Bar No. 89429
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: +1.858.314.1200
pswan@jonesday.com

Christian G. Vergonis (*pro hac vice pending*)
Ryan J. Watson (*pro hac vice pending*)
Alex Potapov (*pro hac vice pending*)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Telephone: +1.202.879.3939
cvergonis@jonesday.com
rwatson@jonesday.com
apotapov@jonesday.com

Attorneys for Amicus Curiae
R.J. Reynolds Tobacco Company